CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

2013 MAR 29  PM 3: 43

DEPUTY CLERK_____

| | | |
|---|---|---|
| RYAN ANTHONY COOLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:11-CV-223-BL |
| | § | ECF |
| | § | |
| CAROLYN W. COLVIN,[1] | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

**THIS CASE** is before the court upon Plaintiff's complaint filed November 18, 2011, for

judicial review of the administrative decision of the Commissioner of Social Security denying

Plaintiff's application for disability insurance benefits under Title II of the Social Security Act (Doc.

1).  Plaintiff filed a brief in support of his complaint on May 18, 2012 (Doc. 17).  Defendant filed

a brief on June 18, 2012 (Doc. 18).  The parties consented to having the United States magistrate

judge conduct all further proceedings in this case on January 18, 2012 (Doc. 6), and January 27, 2012

(Doc. 8).

This court has considered the pleadings, the briefs, and the administrative record and finds

that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be

dismissed with prejudice.

---

[1]      Carolyn W. Colvin became Acting Commissioner of Social Security, effective
February 14, 2013, and is therefore substituted as Defendant in this matter for Michael J. Astrue, per
FED. R. CIV. P. 25(d)(1).

## I.   STATEMENT OF THE CASE

Plaintiff filed an application for periods of disability and disability insurance benefits alleging disability beginning November 4, 2009. Tr. 141, 142. Plaintiff's application was denied initially and upon reconsideration. Tr. 79-82.    Plaintiff filed a Request for Hearing by Administrative Law Judge on June 17, 2010, and this case came for hearing before the Administrative Law Judge ("ALJ") on January 24, 2011. Tr. 26-75.

Plaintiff, represented by an attorney, appeared and testified in his own behalf.   Tr. 30-63 . A vocational expert ("VE") appeared and provided expert testimony. Tr. 63-74. The ALJ issued an opinion that was unfavorable to Plaintiff on April 14, 2011.  Tr. 5-20.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act.  The ALJ found that Plaintiff met the insured status requirements through December 31, 2011. Tr. 8.  The ALJ further found that Plaintiff had not engaged in substantial gainful activity at any time since his alleged onset date. Tr. 10.  The ALJ found that Plaintiff has "severe" impairments, including degenerative disc disease of the lumbar spine and mild carpal tunnel syndrome.  *Id.*  The ALJ found that Plaintiff's medically determinable mental impairment of right trigger finger did not cause more than minimal limitation on Plaintiff's ability to perform basic mental work activities and was thus "non severe." *Id.*  The ALJ found that Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1, Tr. 10-11. The ALJ specifically addressed the criteria of Section 1.04 of the Listings, noting that there was no evidence of degenerative disc disease resulting in compromise of a nerve root of the spinal cord characterized by a neuro-anatomic distribution of pain, limitations of motion of the spine,

motor loss accompanied by sensory or reflect loss, or positive straight leg raising test.  Tr. 10; 20 C.F.R. Part 404, Subpt. P, App. 1, § 1.04.

The ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.  The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 11.  The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms and the limitations imposed therein, as contained in Plaintiff's subjective reports and testimony.  *Id.*

The ALJ discussed Plaintiff's reports of his symptoms and the medical treatment he received. Tr. 12.  The ALJ compared Plaintiff's subjective allegations with objective evidence of record, and particularly addressed Plaintiff's allegations of disabling pain.  Tr. 11-12.  The ALJ found that based on the evidence in the record, Plaintiff's statements concerning his impairments, the symptoms experienced therein, and the intensity, persistence, and limiting effects of his pain were not consistent with or well supported by the objective medical evidence.  Tr. 11.  The ALJ addressed Plaintiff's symptoms and treatment for his back injury and back pain from 2004 through the time of the hearing.  Tr. 12.  The ALJ also discussed Plaintiff's carpal tunnel syndrome, Plaintiff's report of resolution of the numbness experienced, and electrodiagnostic studies which showed no evidence of a left median mononeuropathy at the wrist.  Tr. 12-13.

The ALJ noted that Plaintiff's credibility with regard to the limitations imposed by his symptoms was reduced by evidence throughout the record indicating that Plaintiff provides care for his two young daughters; his daily activities; his use of a cane for gait abnormality, although the

prescribing physician noted that Plaintiff's gait was unremarkable; treatment notes indicating that Plaintiff was advised to execute stretching, conditioning, and strengthening exercises, yet failed to comply; Plaintiff's ability to reduce his usage of pain medication; and the treating physician's indication that Plaintiff was precluded from performing manual labor and had a reduced tolerance for prolonged sitting or standing. Tr. 13.

The ALJ found that Plaintiff retained the residual functional capacity to perform the physical and nonexertional requirements of a range of sedentary work, having the ability to lift and carry 10 pounds occasionally and frequently; stand and/or walk for two hours during an 8-hour workday; sit for six hours during an 8-hour workday; occasionally climb ramps or stairs; and occasionally kneel and stoop. Tr. 11. The ALJ found that such work was limited insofar as Plaintiff must avoid balancing, crouching, crawling, driving a vehicle, or operating heavy equipment. The ALJ also found that Plaintiff was limited to jobs with one- to two-step instructions. *Id.*

The ALJ found that Plaintiff could not perform any of his past relevant work. Tr. 14. The ALJ noted that Plaintiff was a "younger individual" on his alleged onset date with a high school education and the ability to communicate in English. Tr. 15. The ALJ found that transferability of skills was not material to a determination of disability. *Id.*

The ALJ relied upon the testimony of the vocational expert, who indicated that a person of the Plaintiff's age, education, past relevant work experience, and residual functional capacity could perform work which existed in the national economy, including the jobs of order clerk; document preparer, microfilm; and final assembler. Tr. 15. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 16.

Plaintiff sought review of the hearing decision and order. Tr. 21. The Appeals Council

denied Plaintiff's request on September 21, 2011, indicating that although it had considered the contentions raised by Plaintiff, it nevertheless concluded that there was no basis for changing the ALJ's decision.   Tr. 1-4. The ALJ's decision, therefore, became the final decision of the Commissioner.

On November 18, 2011, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.   STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g).  The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)).  Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002).  The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity.  Substantial

gainful activity is defined as work activity involving significant physical or mental abilities for pay

or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled

within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson,* 309 F.3d at 271;

*Newton,* 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because

he retained the ability to other work which exists in significant numbers in the national economy.

Tr. 16.

## III.  DISCUSSION

Plaintiff claims that the ALJ erred in making the credibility determination, in weighing the

opinion of the treating physician, and by relying upon flawed VE testimony at step 5 of the

sequential evaluation process. The ultimate issue is whether the ALJ's decision is supported by

substantial evidence. The court, therefore, must review the record to determine whether it "yields

such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza*

*v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

**A.    Whether the ALJ erred in making the credibility determination.**

Plaintiff argues that the ALJ erred by misstating and picking and choosing among the

evidence in making his credibility determination and failed to give appropriate weight to his

subjective allegations of disabling pain and limitations imposed by his impairments.

The claimant has the burden to prove that he is disabled within the meaning of the Social

Security Act. *Fraga v. Bowen,* 810 F.2d 1296, 1301 (5th Cir. 1987). A physical or mental

impairment is in turn defined as "an impairment that results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory

diagnostic techniques." 42 U.S.C. § 423(d)(3). The existence of an impairment does not in itself

establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity." *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986).

In determining whether a claimant's physical or mental impairments are of a sufficient medical severity as to be the basis of eligibility under the law, the ALJ is required to consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523. *Loza*, 219 F.3d at 393. If the ALJ finds a medically severe combination of impairments, "the combined impact of the impairments will be considered throughout the disability determination process." *Id.*

The ALJ indicated in his opinion that he had considered the combined effect that Plaintiff's severe and nonsevere impairments had on his ability to perform work related activity. Tr. 9-11. Pursuant to SSR 96-7p, the adjudicator is required to go through a two-step process in evaluating a claimant's symptoms. The ALJ must first:

> consider whether there is an underlying medically determinable physical or mental impairment . . . that could reasonably be expected to produce the individual's pain or other symptoms . . . . Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

SSR 96-7p.

The ALJ may consider various factors in assessing a claimant's credibility, including the individual's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain

or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; any palliative measures used to relieve pain or other symptoms; and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *Id.*

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of Plaintiff's pain or other symptoms.  The ALJ found, however, that Plaintiff's subjective allegations as to the limitations imposed by his impairments was not entirely credible, specifically pointing to evidence in the record that was inconsistent with Plaintiff's allegations.

Plaintiff was consistently noted to have a normal and unremarkable gait by treatment providers, including, on numerous occasions, by his treating providers. Tr. 226, 253, 255, 258, 296, 302, 305, 307.  His gait was noted to be antalgic on March 19, 2010, and he was prescribed a single point cane. Tr. 356.  Plaintiff was noted to be a stay at home dad who planned to return to work once his daughters reached school age. Tr. 252, 258, 260, 306, 309, 311.  Plaintiff was described as staying home and taking care of his children. Tr. 338.  Plaintiff was later described as a stay-at-home dad who had applied for disability due to his chronic pain. Tr. 305. Even after applying for disability, Plaintiff was described as taking care of his daughters during the day. Tr. 352.  Plaintiff reported low back pain when picking up his daughters. Tr. 296, 302.  He also reported being more functional, and being active around the house and with his daughters, although he continued to have pain. Tr. 355.

Plaintiff argues that the ALJ misconstrued the record in citing these reports.  However, the ALJ appropriately compared Plaintiff's subjective complaints with these reports in the medical record.  The ALJ found that Plaintiff's reports of his activities was inconsistent with the other

evidence of record. Plaintiff's testimony at the hearing before the ALJ described many limitations and Plaintiff was questioned extensively by the ALJ about conflicting evidence in the record.

The ALJ may discount subjective complaints of pain as inconsistent with other evidence in the record. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted)). The subjective testimony of Plaintiff must be weighed against the objective evidence of medical diagnosis. *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)). Subjective evidence need not take precedence over objective evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir 1988)). Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa*, 895 F.2d at 1024 (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987).

The court finds that the ALJ did not err in making the credibility determination. The ALJ appropriately considered Plaintiff's impairments, his pain, the objective medical evidence of record, and the record as a whole in making his credibility finding. The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.* The ALJ acted appropriately in trying to resolve the conflicts in the evidence, particularly between Plaintiff's testimony and the medical reports in the record. In his opinion, the ALJ discussed the evidence in detail, identifying numerous conflicts. The credibility determination indicates that the ALJ found Plaintiff's claims of disabling pain not entirely credible. The ALJ opinion adequately describes the basis for the credibility determination. The court finds that the ALJ's credibility determination is supported by substantial evidence in the record.

**B.**     **Whether the ALJ erred in considering the opinion of Plaintiff's treating physician.**

Plaintiff argues that the ALJ erred by failing to give controlling weight to the opinion of Dr.

Staggs, a treating specialist, as to the limitations imposed by Plaintiff's impairments. The ALJ

indicated in his opinion that he specifically gave little weight to the two letter opinions (dated

January 7, 2011 and March 11, 2011) provided by Dr. Staggs.   A progress note dated January 7,

2010 indicates that Plaintiff had applied for disability and was provided a letter by Dr. Staggs in

support of such application.   Tr. 297. Dr. Staggs indicated in the January 3, 2011 letter that

Plaintiff's tolerance for activity was limited, particularly with prolonged sitting or standing and

manual labor. Tr. 462. On March 11, 2011, Dr. Staggs indicated that Plaintiff could only stand/walk

and sit for two hours of an 8-hour day, should avoid activities that involve repetitive pushing,

pulling, bending, or stooping, and would likely miss more than three days of work per month.   Tr.

464.

The opinion of a treating physician who is familiar with the claimant's impairments,

treatments, and responses should be accorded great weight in determining disability. A treating

physician's opinion on the nature and severity of a patient's impairment will be given controlling

weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques

and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R.

§ 404.1527(d)(2).  On the other hand, "[g]ood cause may permit an ALJ to discount the weight of

a treating physician relative to other experts where the treating physician's evidence is conclusory,

is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise

unsupported by the evidence." *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000).

Unless the Commissioner gives a treating source's opinion controlling weight, the

Commissioner will consider six factors in deciding the weight to give to any medical opinion.  20

C.F.R. § 404.1527(d). The Fifth Circuit held in *Newton* that "an ALJ is required to consider each of the [six] factors before declining to give any weight to the opinions of the claimant's treating specialist." 209 F.3d at 456. Pursuant to Soc. Sec. Ruling 96-2p (July 2, 1996) ("SSR 96-2p"), and 20 CFR §§ 404.1527(a) and 416.927(a), "medical opinions" are opinions about the nature and severity of an individual's impairment(s) and are the only opinions that may be entitled to controlling weight. The requirement that the ALJ discuss the six factors set forth in *Newton* and 20 C.F.R. § 404.1527(d) applies only to medical opinions and does not apply to conclusory statements that a claimant is disabled. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). The opinion of a treating source is generally given more weight than a non-examining source. 20 C.F.R. § 404.1527(d)(1).

Good cause to disregard the opinions of a treating physician is found where such opinions "are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). SSR 96-2p provides that a medical source statement from a treating source which is well-supported by medically acceptable evidence and which is not inconsistent with other substantial evidence in the record is entitled to controlling weight. *See* SSR 96-2p. This ruling further explains:

> It is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record.

*Id.* The ALJ may also reject a treating physician's opinion if he finds, with support in the record, that the physician is not credible and is "leaning over backwards to support the application for disability benefits." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985) (citing *Whitney v. Schweiker*, 695 F.2d 784, 789 (7th Cir. 1982)).

Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, the ALJ has the sole responsibility for determining a claimant's disability status and is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (internal citations and quotation omitted). "The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence and the relative weight to be given to pieces of evidence is within the ALJ's discretion. *Chambliss*, 269 F.3d at 523.

In his opinion, the ALJ discussed Dr. Staggs' treatment and progress notes and his reports upon examination in detail. Tr. 12. The ALJ correctly noted that Dr. Staggs prescribed a cane for Plaintiff's use, although he had repeatedly indicated that Plaintiff's gait was unremarkable. Tr. 13. The ALJ correctly noted that Dr. Staggs encouraged Plaintiff to perform exercises and stretching to increase core strength and flexibility. *Id.* The ALJ cited to SSR 96-2p and to the factors identified in 20 C.F.R. § 416.927(d), as described in *Newton*, 209 F.3d 448, in explaining his reasons for discounting the opinions of Dr. Staggs contained in the January 2, 2011 and March 11, 2011 notes. Tr. 13-14. The ALJ noted that the evidence of record did not indicate that Plaintiff had been examined or treated by Dr. Staggs after December 7, 2010, long before Dr. Staggs' opinions were dated. Tr. 13. The ALJ correctly noted that Dr. Staggs had failed to identify any findings to support the detailed limitations on sitting, standing, and walking. Tr. 14. The ALJ pointed out that Dr. Staggs' own findings indicated moderate lumbar central canal stenosis and mild cervical central stenosis. *Id.* The ALJ also correctly noted that disability is an issue reserved to the Comissioner. To the extent that Dr. Staggs opined that Plaintiff was disabled or was unable to work, such opinions

are entitled to no special significance. "Among the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.' These determinations are legal conclusions that the regulation describes as 'reserved to the Commissioner.'" *Frank*, 326 F.3d at 620.

The ALJ opinion demonstrates that the ALJ considered the treatment relationship between Dr. Staggs and Plaintiff, noting that the functional limitation indicated by Dr. Staggs were not entered contemporaneously to examinations or treatment. The ALJ specifically addressed the supportability of such opinion when compared to Dr. Staggs' own treatment and progress notes as well as other evidence of record. The ALJ's opinion also demonstrates that he consider Dr. Staggs' treatment of Plaintiff as a whole, through the course of the treating relationship.

"[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id. Masterson*, 309 F.3d at 272 (quoting *Newton*, 209 F.3d at 452). The ALJ opinion indicates that the ALJ appropriately resolved conflicts in the evidence. The ALJ did not err by failing to consider or give controlling weight to the opinions of Plaintiff's treating physician as to either Plaintiff's ability to perform work activity and sustain gainful employment, nor as to the limitations imposed therein by Plaintiff's impairments.

**C.     Whether the ALJ erred by relying upon faulty testimony by the VE.**

Plaintiff argues that the ALJ erred by relying upon the testimony at step 5 of the sequential evaluation process insofar as the hypothetical question failed to include all of the limitations imposed by Plaintiff's impairments and insofar as the VE provided testimony by telephone.

Plaintiff argues that the RFC finding does not reasonably incorporate or reflect the limitations imposed by his impairments. The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Soc. Sec.

Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE or into the RFC determination that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Plaintiff argues that the ALJ erred insofar as the RFC finding does reflect the limitations noted by Dr. Staggs. The court has already found that the ALJ did not err in according little weight to the opinions of Dr. Staggs as to the limitations imposed by Plaintiff's impairments which were not well-supported by the record and which were inconsistent with other substantial evidence in the record, including Dr. Stagg's own treating and progress notes. The court has also found that the ALJ did not err in making his credibility determination. His RFC finding is supported and consistent with substantial evidence in the record, and is consistent with the credibility determination. The court finds that the ALJ did not err in making the RFC finding.

The appropriate inquiry is thus whether the hypothetical question posed to the VE adequately reflected those limitations that the ALJ found supported by the record and incorporated to the RFC finding. The record demonstrates that the hypothetical question did reasonably incorporate the limitations accepted by the ALJ.

A vocational expert is called to testify because of his familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*,

805 F.2d 1168, 1170 (5th Cir.1986)). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Id.* In testifying, a vocational expert "is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields*, 805 F.2d at 1170.

Plaintiff notes that he objected to the VE's testimony by telephone. His objection was noted on the record and overruled by the ALJ. Counsel for Plaintiff's specific basis for the challenge of such testimony was that he wanted access to any notes the VE referred to or described in providing her expert testimony. When the VE did refer to the notes she took during the Plaintiff's testimony and to her records with regard to her area of expertise, counsel for Plaintiff was provided the opportunity to question the VE. The ALJ offered to have the VE provided copies of any documents requested, immediately, by facsimile. Plaintiff's counsel was also provided the opportunity to further question the VE, and availed himself of that opportunity.

This court does not address the question of whether a VE may provide expert telephonic testimony without prior notice and consent to the Plaintiff. Clearly, "procedural perfection in administrative proceedings is not required." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988). The court will not reverse the decision of an ALJ for lack of substantial evidence where the claimant makes no showing that she was prejudiced by the deficiencies she alleges. *Carey v. Apfel*, 230 F.3d 131, 143 (5th Cir. 2000) (citing *Brock v. Chater*, 84 F.3d 726, 729 (5th Cir. 1996)). Procedural improprieties will constitute a basis for remand "only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Plaintiff must thus demonstrate prejudice arising from the alleged error to be entitled to relief. *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981) (*per curiam*).

In this matter, Plaintiff was permitted to register his objection, to question the VE extensively, and was offered access to any documents by immediate fascimile transmission. Even assuming that Plaintiff's objection to telephonic testimony should not have been overruled, it is clear that Plaintiff has not been prejudiced by such testimony. The court therefore finds no error in the reliance by the ALJ on the testimony of the VE in finding that Plaintiff retained the RFC to perform work which exists in the national economy at step 5 of the sequential evaluation process.

## IV.   CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed November 18, 2011 (Doc. 1), is **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED**.

DATED this 29th day of March 2013.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**